# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| RANN HALL | CIVIL ACTION NO. 06-1165 |
| VERSUS | SECTION "P" |
| ERIC RANKINS, ET AL. | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a civil rights action filed *in forma pauperis* on July 10, 2006, by *pro se* plaintiff, Rann Hall, pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. Petitioner names the following as defendants herein: CPP Sergeant Eric Rankins; CPP Warden Jim Rogers; CPP Sergeant Amber Stanley; CPP Lieutenant Bruce Sword; CPP Master Sergeant Paul Royer; Louisiana Department of Public Safety and Corrections (LDPS) Secretary Richard Stalder; and the State of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff claims that on September 27, 2005, he was walking on the grounds of CPP when he encountered a female that he later learned was defendant Sgt. Amber Stanley. She was followed by a male that turned out to be her fiancé, defendant Sgt. Eric Rankins. Neither Sgt. Stanley nor Sgt. Rankin were in uniform. Plaintiff states that Sgt. Rankins asked plaintiff what he was looking at (implying that he was looking inappropriately at Sgt. Stanley) to which

plaintiff replied "nothing." Sgt. Rankins then told plaintiff (allegedly using profanity) to keep his head straight. Plaintiff then started to laugh and said to Sgt. Rankins "slim, I have flat time." Plaintiff continued to walk until defendant Master Sgt. Royer called him. As plaintiff was walking towards M/Sgt. Royer, Sgt. Rankins crossed the yard, shoved and grabbed plaintiff's neck, and began choking him. Plaintiff claims that defendants Royer and Stanley were standing two feet away from them but did not attempt to intervene. Plaintiff also states that defendant Sword was on duty but likewise failed to intervene. (The court notes that in plaintiff's ARP[1], he states that defendant Stanley walked up to the incident site and told defendant Rankins "that's enough Eric, that's enough come on." [Doc. 1-4, p.2]. The ARP also states that defendant Sword asked if defendant Royer needed help. [Doc. 1-4, p.3]. Almost immediately following the incident, plaintiff was given a medical examination which did not reveal bleeding, edema, bruising, drainage, or any significant injury.

As a result of the above, plaintiff states that he suffered emotional and psychological trauma and injury, and experienced great pain, suffering, and anguish at the time of the incident.

---

[1] Plaintiff filed an ARP concerning the incident on 10/2/05. In denying the ARP, the First Step Response noted that several employees gave statements about the incident which differed from plaintiff's version. The response also acknowledged that plaintiff laughed at Sgt. Rankins and indicated that he was not worried about Rankins's order because he could not lose good-time credit. Other statements in the response indicated that plaintiff disregarded repeated orders from Sgt. Rankins to stop walking. Defendant Royer gave a statement in which he stated that the incident happened very quickly and that he was over 30 feet away from plaintiff when it started. The ARP response noted that plaintiff was appropriately charged with a violation of Rule #7 as his statement to Sgt. Rankins about flat time was disrespectful, and that neither defendants Sword, Stanley or Royer acted inappropriately. In regard to Sgt. Rankins, the response stated that plaintiff's actions may or may not have been correctly interpreted by Rankins, and that in an abundance of caution, Sgt. Rankins was no longer employed at the unit. In any event, the response noted that plaintiff was seen by medical personnel within nine (9) minutes of the incident, and that no bleeding, edema, bruising, drainage, or any significant injuries were found.
    Plaintiff's request for Administrative Remedy was also denied at the second step level on January 23, 2006.

As relief, plaintiff seeks compensatory and punitive damages, as well as costs and attorney's fees.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

3

47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

## Eighth Amendment Claims

In light of the harm and the facts alleged herein, it appears that the majority of plaintiff's claims (i.e. excessive force, failure to protect) fall within the gambit of the Eighth Amendment's prohibition against cruel and unusual punishment.[2] This prohibition forbids deliberate indifference to the serious health and safety needs of prison inmates. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed. 251 (1976). In order to prevail on such a claim, an inmate must prove objectively that he was exposed to a substantial risk of harm, and that prison officials acted or failed to act with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed. 2d 811, 823 (1994). The deliberate indifference standard is a subjective inquiry; the claimant must establish that the prison officials were actually aware of the

---

[2] Plaintiff also alleges a violation of his First Amendment right to Freedom of Speech.

risk, yet consciously disregarded it. *Id.* at 837, 839; *Lawson v. Dallas County,* 286 F. 3d 257, 262 (5th Cir. 2002); *Herman v. Holiday*, 238 F.3d 660 (W.D. La. 2001)(*quoting, Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). It is only the deliberate indifference and unnecessary and wanton infliction of pain or acts that are repugnant to the conscience that constitute conduct proscribed by the Eighth Amendment. *Estelle,* 429 U.S. at 104-106. Liability occurs only if the official knew that the inmate faces a substantial risk of serious harm and disregards that risk. *Farmer,* 511 U.S. at 847. Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim. *Id.* at 1978 ("deliberate indifference entails something more than mere negligence...").

Such Eighth Amendment claims are not actionable unless there is a showing of physical injury resulting from the allegedly unconstitutional conduct. Not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation.[3] *Farmer,* 511 U.S. at 1977. To be actionable, the injury need not be significant, but it must be more than *de minimis. Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). In the instant case, accepting all of the plaintiff's allegations as true, plaintiff has not demonstrated that he suffered a compensable physical injury. By plaintiff's own admission, the medical evaluation done almost immediately after the incident in question was negative for injury. Under the circumstances as alleged by plaintiff, there is no probative evidence that plaintiff suffered any physical injury

---

[3]The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

beyond *de minimis* as a result of the incident alleged herein. See, *Siglar,* 112 F.3d at 193 (5th Cir.1997) (bruised ear lasting several days *de minimis* injury). Plaintiff herein has failed to state a claim of violation of the Eighth Amendment prohibition against cruel and unusual punishment. Consequently, he has failed to state a claim on which relief can be granted, and his claims should be dismissed.

**Freedom of Speech**

To the extent that plaintiff complains that the defendants' actions violated his First Amendment right to freedom of speech, such contention is without merit. Although prison inmates do not shed all constitutional rights at the prison gate, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." See, *Sandin* at 485, quoting *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed. 2d 629 (1977), quoting *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 93 L.Ed. 1356 (1948). Thus, "the exigencies of prison administration justify...more stringent restrictions on prisoners' speech and association than would be permissible on the outside." *McNamara v. Moody,* 606 F.2d 621, 623 n. 3(5th Cir. 1979). As an example, in *Adams v. Gunnell*, 729 F.2d 362, 367-68 (5th Cir.1984), a prison disciplined inmates for collaborating in a prison-wide petition. While recognizing that prisoners may exercise a variety of First Amendment rights, the court reasoned, nevertheless, that where internal grievance procedures are available, a prison may proscribe the use of internally circulated petitions if it believes they contain the potential for inciting violence. *Id.* at 368 (citing *Jones*, 433 U.S. at 128, 97 S.Ct. at 2539). *Adams* confirms the prison administration's authority to circumscribe the manner in which criticism is exercised. Thus, prison officials may

6

legitimately punish inmates who verbally confront authority without running afoul of the First Amendment. See *Goff v. Dailey*, 991 F.2d 1437, 1439 (8th Cir.1993) (recognizing that a "prison has a legitimate penological interest in punishing inmates for mocking and challenging correctional officers by making crude personal statements about them..."). By plaintiff's own admission, he "verbally protested the way that the Officer Rankins was talking to him..." [Doc. 1-3, p. 6], laughed and said to Sgt. Rankins "slim, I have flat time." There is no question that plaintiff's actions in this regard were confrontational, mocking and challenging, rendering his First Amendment claims meritless.

**ACCORDINGLY, IT IS RECOMMENDED** that plaintiff's claims herein be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten**

**(10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[4]

**THIS DONE AND SIGNED,** in Chambers at Lake Charles, Louisiana on this 20th day of November, 2006.

_____

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[4] See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).